IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                    CASE NO. 5:08-CR-50060

JOE L. FRANKLIN                                             DEFENDANT

and

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                    CASE NO. 5:07-CR-50037-001
                      CASE NO. 5:07-CR-50037-002

MACI DENON DAVIS and
RONALD ANTONIO MOOREHEAD                                    DEFENDANTS

## OPINION AND ORDER

Currently before the Court in the cases of *United States v. Franklin* and *United States v. Davis & Moorehead* are identical Motions for Reconsideration filed by Mr. Franklin (Case No 5:08-cr-50060, Doc. 92), Mr. Davis (Case No. 5:07-cr-50037, Doc. 129), and Mr. Moorehead (Case No. 5:07-cr-50037, Doc. 130). All three Motions are **DENIED**.

All three of these Defendants previously filed Motions to Reduce Sentence under Section 404 of the First Step Act of 2018. That statute authorizes federal courts to impose reduced sentences on defendants who were sentenced for criminal offenses under statutory penalties that were subsequently modified by Sections 2 or 3 of the Fair Sentencing Act of 2010. In those Motions to Reduce Sentence, each Defendant sought

1

a plenary in-person resentencing at which he could challenge his career-offender designation under the United States Sentencing Guidelines. The Court denied those Motions in part, in an omnibus order filed on August 15, 2019. *See United States v. Franklin*, 2019 WL 3848946 (Aug. 15, 2019). Specifically, the Court concluded "that Section 404 of the First Step Act does not contemplate a plenary resentencing at which a defendant's presence is required." *Id.* at *5. Instead the Court opted, in its discretion, to "conduct[] these proceedings in a manner analogous to what would occur if the United States Sentencing Commission, rather than Congress, had authorized" this sentencing relief, so as to avoid certain "potential arbitrary sentencing disparities." *See id.* at *6.

The particular process the Court adopted involved two steps:

> [F]irst, this Court will recalculate each Defendant's advisory sentencing range under the United States Sentencing Guidelines, but only altering those variables which depend on the statutory penalties that were amended by the Fair Sentencing Act and made retroactive by the First Step Act. Then, the Court will decide whether to award each Defendant a reduction from his previously-imposed term of imprisonment, but in no event will the Court reduce a Defendant's term to an amount that is less than the minimum of the recalculated sentencing range.

*Id.* (internal citations omitted). Later, the Court entered separate orders imposing reduced sentences on Messrs. Franklin, Davis, and Moorehead pursuant to this process. Each Defendant's term of imprisonment was reduced from 262 months to 188 months. *See* Case No 5:08-cr-50060, Doc. 93; Case No. 5:07-cr-50037, Docs. 128, 131. All of these reduced sentences were at the bottom of their respective recalculated guideline ranges.

The Defendants' Motions for Reconsideration are not seeking to reargue whether they are entitled to plenary in-person sentencing hearings or whether they may challenge their career-offender statuses. Instead they seek permission to supplement the record with, *inter alia*, information about their conduct while at the Bureau of Prisons, and to

2

argue on that basis for downward variances from their recalculated guideline ranges under 18 U.S.C. § 3553(a). The Court agrees that this information is relevant to determining the extent to which these Defendants' sentences should be reduced. *See, e.g., id.* at § 3553(a)(1), (a)(2)(B), (a)(2)(D) (instructing sentencing courts to consider "the history and characteristics of the defendant," and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "to provide the defendant with needed educational or vocational training"). But since the Court has already sentenced each of these Defendants at the bottom of their recalculated guidelines ranges, consideration of this additional information cannot benefit them any further unless the Court is willing to consider granting them a variance below those recalculated ranges.

The Defendants have cited a variety of cases from other districts around the country in support of their request. This Court has read all of those cases, and recognizes that many of them take approaches that differ in various ways from the one this Court has taken. For example, one of those cases appears to conclude that Section 404 of the First Step Act authorizes a plenary, in-person resentencing hearing. *See United States v. Payton*, 2019 WL 2775530, at *5 (E.D. Mich. July 2, 2019). Several of the cases cited by the Defendants resulted in awards of downward variances from recalculated guideline ranges. Some downward variances were awarded where the recalculated guideline range was unchanged from the original. *See, e.g., United States v. Norman*, 2019 WL 3296830 (W.D. Mich. July 23, 2019); *United States v. VanBuren*, 2019 WL 3082725 (W.D. Va. July 15, 2019); *United States v. Hughes*, W.D. Va., Abingdon Division, Case No. 1:08CR00024-035, Doc. 3698. Others were awarded even though the recalculated guideline range was lower than the original. *See, e.g., United States v. Logan*, 2019 WL

3

3391618 (D. Md. July 26, 2019);[1] *United States v. Berry*, 2019 WL 2521296 (W.D. Mich. June 19, 2019).

To be clear, this Court agrees that Section 404 of the First Step Act does not prohibit judges from varying all the way down to the statutory minimum when imposing a reduced sentence. *Cf. United States v. Valentine*, 2019 WL 2754489, at *5 (W.D. Mich. July 2, 2019) ("The only limits found in the First Step Act are the statutory minimums of the Fair Sentencing Act's new thresholds."). This Court has opted to tether itself to the recalculated sentencing guidelines not out of a belief that the First Step Act requires such a practice, but rather out of a belief that this is the most practicable way to effectuate the policies undergirding the First Step Act in a fair and consistent manner. *See Franklin*, 2019 WL 3848946, at *6 (Aug. 15, 2019) ("This Court is not going so far as to say it believes Section 404 *requires* it to conform these proceedings to the process described in U.S.S.G. § 1B1.10(b). . . . But the procedure that the Court has outlined here is reasonably calculated to accomplish these ends [of avoiding arbitrary sentencing disparities], and is one this Court believes it has the discretion to implement."). Most of the cases cited by the Defendants do not acknowledge the arbitrary disparities that this Court is seeking to avoid. The few that do acknowledge them do not seem to be as troubled by them as this Court is, or at least do not seem to think that the potential for

---

[1] In *Logan*, the defendant's original sentence had also been a downward variance, and the reduced sentence was calculated to produce a downward variance proportional to the original one. *See* 2019 WL 3391618 (D. Md. July 26, 2019). In the instant cases, Messrs. Franklin, Davis, and Moorehead all originally received within-guidelines sentences, so this Court did not have occasion to consider whether it would be proper to award a proportional downward variance upon resentencing. But this Court is willing to do so in cases where the original sentence was a downward variance, because that would not introduce the sort of disparities that this Court sought to avoid in its August 15 Order.

4

such disparities informs any consideration of congressional intent with respect to the First Step Act. *See, e.g., VanBuren*, 2019 WL 3082725, at *5 (W.D. Va. July 15, 2019) ("The Government similarly argues that a variance below the amended Guidelines range (of life) should not be granted in order to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible for consideration of sentences below the Guidelines range[.] . . . The Court declines to follow the Government's suggestion . . . ."); *cf. United States v. Vanzant*, 2019 WL 3468207, at *3 n.6 (S.D. Ala. July 31, 2019) ("Additionally, some sentencing disparities are inevitable when Congress enacts legislation designed to reduce sentences for a specific class of offenders." (internal quotation marks omitted)). This Court is not persuaded by these cases to reconsider its prior ruling that it would not vary downward from the instant Defendants' recalculated guideline ranges.

**IT IS THEREFORE ORDERED** that the Motions for Reconsideration filed by Mr. Franklin (Case No 5:08-cr-50060, Doc. 92), Mr. Davis (Case No. 5:07-cr-50037, Doc. 129), and Mr. Moorehead (Case No. 5:07-cr-50037, Doc. 130) are all **DENIED**.

**IT IS SO ORDERED** on this 5th day of September, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE